IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JENNIFER WIDENER LARSEN, | ) |
| Petitioner, | ) |
| v. | ) Case No. 3:23-cv-01155 |
| | ) Judge Trauger |
| WELLNESS PATH MEDICAL, et al., | ) |
| Respondents. | ) |

**MEMORANDUM AND ORDER**

On November 1, 2023, Jennifer Widener Larsen filed an action in this court utilizing a form petition for the writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1), in which she appeared to challenge both the legality of her confinement in the Weld County (Colorado) Jail and the conditions in which she was confined. Among the conditions she challenged was the allegedly inadequate medical care she received in the Weld County Jail from providers staffed by Wellpath Medical, Inc. ("Wellpath"), a Tennessee corporation. Because the case's only connection to this district was the fact that Wellpath is headquartered here, the court found that venue was not proper under 28 U.S.C. § 1406(a) and transferred the matter to the District of Colorado on November 13, 2023. (Doc. No. 8.)[1]

On December 4, the petitioner filed a notice of appeal from the transfer order in the U.S. Court of Appeals for the Sixth Circuit (Doc. No. 12), which subsequently forwarded the notice of

---

[1] On November 22, 2023, after the petitioner's transferred case was opened in Colorado, this court received a notice that the petitioner's address had changed. (Doc. No. 9.) It appears from this notice and the court's returned mail (Doc. Nos. 10, 11) that she was released from the Weld County Jail and now resides at 3520 W. Oxford Avenue, Denver, CO 80236, which is the address of the Colorado Mental Health Hospital in Fort Logan. *See* https://cdhs.colorado.gov/CMHHIFL (last visited Dec. 15, 2023).

appeal to this court for docketing. Then, on December 13, this court received the petitioner's "Emergency Motion to Docket Filings [and] Vacate Transfer on New Grounds Pursuant to F.R. Civ. P. Rule 60(b)." (Doc. No. 13.) It appears that, among the "new grounds" the petitioner wishes to assert, she no longer desires to include any defendant but Wellpath in this action. (*See* Doc. Nos. 13-2, 13-3.)

The court's transfer order is plainly non-appealable. *Dearth v. Mukasey*, 516 F.3d 413, 416 (6th Cir. 2008) (citing *Lemon v. Druffel*, 253 F.2d 680, 683 (6th Cir. 1958)). The petitioner's notice of appeal may therefore "properly be ignored" as an impediment to this court's consideration of her "Emergency Motion." *Cochran v. Birkel*, 651 F.2d 1219, 1222–23 (6th Cir. 1981). Even so, the court will not give the petitioner's motion substantive consideration because it is not properly filed in this court.

As mentioned above, transfer or dismissal of this case was required because venue was wrongly laid in this district. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.") In such scenarios, the transferring court generally lacks jurisdiction to rule on subsequently filed motions. *See generally Stanifer v. Brannan*, 564 F.3d 455, 456 (6th Cir. 2009) (finding transfer under § 1406(a) analogous to a transfer to cure want of jurisdiction under 28 U.S.C. § 1631). This case is currently pending not in this district, but in the District of Colorado—where, the court notes, the petitioner does not appear to have filed a notice that her address has changed from the Weld County Jail. *See Larsen v. Wellness Path Medical, et al.*, No. 1:23-cv-03007-SBP (D. Colo.).

To the extent that the petitioner's motion (Doc. No. 13) may be liberally construed as a motion for reconsideration of the transfer order, it is **DENIED**. The District of Colorado has

already received the case and entered a deficiency order. *See Larsen*, No. 1:23-cv-03007-SBP, Doc. No. 11. Having relinquished jurisdiction over the matter, this court lacks the authority to order the return of the claims against Wellpath to this district, as the petitioner evidently desires.

In any event, for the reasons given above, the Clerk **SHALL** terminate the motion (Doc. No. 13) as pending. Any further filings the petitioner may wish to make in this matter **MUST** be made in the U.S. District Court for the District of Colorado, 901 19th Street, Denver, CO 80294. If the petitioner wishes to file a new case in this court, subject to a new filing fee, she is of course free to do so. But the petitioner is **ADVISED** that any further documents she mails or otherwise causes to be delivered to this court for filing in this matter will be promptly returned to her.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge